# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**SHAMBER HOLLINS**                                                       **PLAINTIFF**

v.                                   CIVIL ACTION NO. 2:19-CV-28-KS-MTP

**CITY OF COLUMBIA, MISSISSIPPI,** *et al.*              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendants' Motion for Judgment on the Pleadings [9]. The Court grants the motion as to Plaintiff's excessive-force claim against Defendant Sellers, her false arrest claims against both Sellers and Nate Cook, her First Amendment retaliation claims against both Sellers and Nate Cook, her failure-to-train claims against both Sellers and Nate Cook, and her Section 1983 and 1985 conspiracy claims against both Sellers and Nate Cook. The Court denies the motion in all other respects. The Court likewise denies Plaintiff's request to amend the Complaint and correct the pleading deficiencies, but Plaintiff may file a separate motion for leave to amend accompanied by a proposed Amended Complaint.

## I. BACKGROUND

Plaintiff claims that she was beaten by a police officer at a traffic checkpoint while her children watched. She admits that she did not immediately stop, claiming that she did not recognize that it was a checkpoint. She also admits that she had no driver's license or proof of insurance. However, she alleges that Defendant Nate Cook,

a police officer employed by Columbia, Mississippi, was immediately hostile toward her, belittling her and using profanity. She further alleges that he forcibly removed her from the vehicle before she had a chance to comply with his order to exit, and that he began beating her when she asked why she was being arrested. Plaintiff claims that she cried for help, but two other officers on the scene, Defendants Jeremy Sellers and Jason Cook, ignored her.

She filed this lawsuit against Columbia, Mississippi, Nate Cook, Jeremy Sellers, and Jason Cook, claiming that they caused severe injuries. She asserted federal claims of false arrest and excessive force in violation of the Fourth Amendment, retaliation for the exercise of her right to free speech in violation of the First Amendment, a failure-to-train claim against the City, as well as various state-law claims. Defendants Nate Cook and Jeremy Sellers filed a Motion for Judgment on the Pleadings [9], which the Court now addresses.

## II. DISCUSSION

### A. *Standard of Review*

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the

2

complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Defendants argue that "heightened pleading" is required in cases where the defendant asserts qualified immunity as a defense. Plaintiff argues that no heightened pleading standard applies. Although the Fifth Circuit's case law has been less than clear on this point – and, unfortunately, this Court has perpetuated the lack of clarity – Plaintiff is correct: "[W]hen, as here, a qualified immunity defense is asserted in an answer or a motion to dismiss, the district court must – as always – do no more than determine whether the plaintiff has filed a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Anderson v. Valdez*, 845 F.3d 500, 589-90 (5th Cir. 2016).

The confusion surrounding this issue appears to stem from *Reyes v. Sazan*, 168 F.3d 158 (5th Cir. 1999). In *Reyes*, the Court of Appeals held that when a plaintiff asserts claims against individual defendants but fails to plead them with

3

particularity, the trial court should order them to file a Rule 7(a) reply, as provided in *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995). *Reyes*, 168 F.3d at 161. The Court said: "The *Schultea* rule governing the Rule 7(a) reply is an instantiation of the more general principle that 'heightened pleading' is needed in qualified immunity cases. Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Id.*; *see also Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003); *Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995).

The Court of Appeals has since clarified that "the heightened pleading standard derived from Rule 9 does not apply to the complaint or to any reply merely because an answer or motion to dismiss asserts a defense of qualified immunity." *Anderson*, 845 F.3d at 590. Rather, "the general pleading standard from Rule 8(a)(2)" applies when considering whether a plaintiff has stated a claim against an individual defendant for the violation of constitutional rights. *Id.*

"First, the district court must insist that a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone," as required by Rule 8(a)(2). *Schultea*, 47 F.3d at 1433-34; *see also Anderson*, 845 F.3d at 590; *O'Reilly v. Univ. of Miss. Med. Ctr.*, 2019 WL 2583520, at *5 (S.D. Miss. June 24, 2019); *Rodriguez v. Bexar County*, 2018 WL 4431433, at *9 (W.D. Tex. Sept. 17, 2018). This is not a heightened pleading standard, *Anderson*, 845 F.3d at 590, but the plaintiff must "plead specific facts that both allow

4

the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015). In that respect, it is no different than the typical 12(b)(6) standard of review under *Iqbal*.

Then, the Court may, "in its discretion, insist that a plaintiff file a reply tailored to the defendant's answer or motion to dismiss pleading the defense of qualified immunity." *Anderson*, 845 F.3d at 590. "Even if the district court does so insist, *Schultea* requires it to apply Rule 8(e)(1)'s standard to the reply, emphasizing that it is the only rule that governs the content of replies." *Id.* (punctuation omitted).

## B.     *Qualified Immunity*

Defendants raised the defense of qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "Although nominally a defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

There are two steps in the Court's analysis. First, the Court determines whether the defendant's "conduct violates an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [the defendant's] actions were objectively unreasonable in the light of clearly

5

established law at the time of the conduct in question." *Id.* The Court may address either step first. *Pearson*, 555 U.S. at 236.

"The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Brumfield*, 551 F.3d at 326. The Court "applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions." *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007). Each Defendant's "entitlement to qualified immunity must be considered on an *individual* basis." *Randle v. Lockwood*, No. 16-50393, 2016 U.S. App. LEXIS 20326, at *11 n. 7 (5th Cir. Nov. 10, 2016) (citing *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007)).

## C.  *Excessive Force*

First, Defendants argue that Plaintiff failed to allege sufficient facts to state a claim of excessive force. "When a plaintiff alleges excessive force during an investigation or arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures." *Shumpert v. City of Tupelo*, 905 F.3d 310, 320 (5th Cir. 2018). "To establish a Fourth Amendment excessive-force claim, a plaintiff must show that she suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force was objectively unreasonable." *Westfall v. Luna*, 903 F.3d 534, 547 (5th Cir. 2018). "Determining whether the force used was objectively unreasonable requires careful attention to the

6

facts and circumstances of each particular case, including (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether she is actively resisting arrest or attempting to evade arrest by flight." *Id.* (punctuation omitted). "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Trammell v. Fruge*, 868 F.3d 332, 340 (5th Cir. 2017). The "overarching question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." *Id.*

1. *Nate Cook*

Plaintiff alleged that Defendant Nate Cook was "immediately hostile" when he pulled her over, and that his "tone was hostile and abrasive. . . ." Complaint at 3, *Hollins v. City of Columbia, Miss.*, No. 2:19-CV-28-KS-MTP (S.D. Miss. Feb. 18, 2019), ECF No. 1. She claims that he "used profanity and belittled her in front of her minor children." *Id.* According to Plaintiff, Nate Cook demanded that she exit the vehicle, but before she had a chance to comply he "forcibly removed her from the vehicle." *Id.* at 4. She put her hands on top of the car, and he "forcibly grabbed her arm and hand, pushed her, and placed her in hand cuffs . . . ." *Id.* Plaintiff claims that Nate Cook "began hitting her and threw her to the ground" as he took her to his patrol car, without any provocation or cause. *Id.* According to Plaintiff's Complaint, she did not resist, and only attempted to ask what she was being arrested for. *Id.* Plaintiff claims that Nate Cook's mistreatment of her caused "multiple contusions, a lacerated

7

lip, multiple abrasions, and a closed head injury." *Id.*

In summary, Plaintiff claims that Nate Cook beat her during a traffic stop without provocation or cause, causing multiple injuries. These allegations are sufficient to state an excessive-force claim under the Fourth Amendment against Defendant Nate Cook. Contrary to Defendant's argument in briefing, these are not vague, conclusory allegations. Plaintiff is not required to provide exhaustive details. Rather, she is only required to provide a short, plain statement of her claim, supported by specific factual allegations. She has done so.

*2. Jeremy Sellers*

As for Defendant Sellers, Plaintiff alleged, without any factual elaboration, that he "assisted" Nate Cook. *Id.* at 3. She also alleged that once Nate Cook started hitting her, she "yelled for help from the two other officers on the scene, . . . who refused to come to her aid." *Id.* at 4. These allegations are not sufficient to state an independent excessive-force claim against Defendant Sellers. Indeed, Plaintiff has not even alleged that Defendant Sellers used force during the stop. Therefore, she did not plead sufficient facts to state an independent excessive-force claim against Defendant Jeremy Sellers.

*3. Qualified Immunity*

Defendants also argue that Plaintiff's excessive-force claim is barred by qualified immunity because Plaintiff failed to allege "all the necessary and relevant facts and circumstances surrounding the alleged use of force." Memorandum of

8

Authorities at 5, *Hollins v. City of Columbia, Miss.*, No. 2:19-CV-28-KS-MTP (S.D. Miss. May 17, 2019), ECF No. 10. Specifically, Defendants argue that Plaintiff did not plead enough facts for the Court to assess the reasonableness of Nate Cook's alleged actions.

The Court disagrees. Plaintiff alleged that Cook forcibly removed her from her vehicle before she had a chance to comply with his command. Complaint [1], at 4. According to Plaintiff's version of the facts, she had no opportunity to resist arrest or to do anything meriting the beating Cook gave her. According to her, she asked why he was arresting her, and he began hitting her without provocation or cause. *Id.* at 4. These allegations, if true, preclude the applicability of a qualified immunity defense. It is not reasonable for an officer to use the degree of force alleged here when a suspect only asks why she is being arrested and does not physically resist arrest. *See Hoffman v. Sheffield*, 21 F.3d 1109, 1994 WL 171681, at *6 (5th Cir. 1994); *Hawn v. Hughes*, 2016 WL 1260747, at *4 (N.D. Miss. Mar. 30, 2016); *Mayfield v. Brewer*, 2014 WL 5392464, at *6 (S.D. Miss. Oct. 22, 2014).

Of course, Defendants dispute Plaintiff's version of the story, arguing that she omitted key facts. That may be true, but when reviewing a motion to dismiss under Rule 12(b)(6), the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock*, 624 F.3d at 210.

### D.     *False Arrest*

9

Next, Defendants argue that Plaintiff did not plead sufficient facts to state a claim of false arrest in violation of the Fourth Amendment. "The Fourth Amendment guarantees the right of the people to be secure in their persons . . . against unreasonable searches and seizures . . . and that no warrants shall issue, but upon probable cause." *Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019) (quoting U.S. CONST. amend. IV). Therefore, "[t]o remain within the bounds of the Fourth Amendment, a warrantless arrest must be supported by probable cause." *Sam v. Richard*, 887 F.3d 710, 715 (5th Cir. 2018).

"Probable cause is established by facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Arizmendi*, 919 F.3d at 897. "When considering what a reasonable person would have concluded, we take into account the expertise and experience of the law enforcement officials." *United States v. Nunez-Sanchez*, 478 F.3d 663, 667 (5th Cir. 2007). To be liable, the officers "must not be aware of facts constituting probable cause to arrest or detain the person for any crime." *Cole v. Carson*, 802 F.3d 752, 764 (5th Cir. 2015).

The Court need not separately analyze Plaintiff's false arrest claims against Defendant Nate Cook and Defendant Jeremy Sellers. Plaintiff admitted that she told Nate Cook that she did not have a driver's license or proof of insurance. "No person shall drive or operate a motor vehicle . . . upon the highways of the State of Mississippi

without first securing an operator's license . . . ." MISS. CODE ANN. § 63-1-5(1)(a). "A person who violates this [law] is guilty of a misdemeanor" punishable by imprisonment and fine. MISS. CODE ANN. § 63-1-5(4). Therefore, it is undisputed that Plaintiff was committing a crime at the time of the arrest, and that Defendants knew she was committing a crime.

Both the Fifth Circuit and Supreme Court have held that "warrantless arrests for misdemeanor violations committed in the presence of the officer do not violate the Fourth Amendment." *Price v. Roark*, 256 F.3d 364, 369-70 (5th Cir. 2001) (citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 121 S. Ct. 1536, 149 L. Ed. 2d 549 (2001)). Accordingly, Defendants had probable cause to arrest Plaintiff, and her false arrest claim fails. *See Ashcraft v. City of Vicksburg*, 2013 WL 3207411, at *11 (S.D. Miss. June 24, 2013).

### E.  *First Amendment*

Next, Defendants argue that Plaintiff did not plead sufficient facts to state a First Amendment retaliation claim.[1] To state a First Amendment retaliation claim, Plaintiff must allege facts demonstrating (1) that she was engaged in constitutionally protected activity, (2) that Defendants' actions caused her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) that Defendants' adverse actions were substantially motivated against her

---

[1] Plaintiff pleaded separate counts of "First Amendment Freedom of Expression" and First Amendment retaliation. Complaint [1], at 6-7. The Court does not understand the difference between these counts. Plaintiff did not clarify them in briefing. Therefore, the Court will analyze them as a single count of First Amendment retaliation.

11

exercise of constitutionally protected conduct. *Keenan v. Tejada*, 290 F.3d 252, 258 (5th Cir. 2002).

A Section 1983 claim requires proof of an injury. *Id.* at 259. Thus, "a retaliation claim requires some showing that the plaintiffs' exercise of free speech has been curtailed." *Id.* Plaintiff did not allege that she refrained from speaking because of Defendants' actions. In fact, she alleged that she "yelled for help" and "begged for medical attention" after Nate Cook beat her. Complaint [1], at 4. Likewise, Plaintiff did not allege that she will refrain from speaking in the future because of Defendants' actions. Therefore, Plaintiff has not pleaded any facts demonstrating that her speech has been or will be curtailed, or that she suffered an injury for the purpose of a First Amendment retaliation claim.

### F.     *Failure to Train*

Defendants also argue that Plaintiff did not plead sufficient facts to state a failure-to-train claim against them. To state a Section 1983 failure-to-train claim against a supervisory official, a plaintiff must allege facts demonstrating "(1) the supervisor's failure to train; (2) the failure to train resulted in the violation of the plaintiff's rights; and (3) the failure to train shows deliberate indifference." *Zadeh v. Robinson*, – F.3d – , 2019 WL 2752310, at *10 (5th Cir. July 2, 2019). "For deliberate indifference, there must be actual or constructive notice that a particular omission in their training program causes . . . employees to violate citizens' constitutional rights and the actor nevertheless chooses to retain that program." *Id.* (punctuation omitted).

Plaintiff did not allege that either Nate Cook or Jeremy Sellers were supervisory officials at the time of the events leading to this suit. Although she generally asserted each claim against all Defendants, it appears that the failure-to-train claim was intended to be asserted as to the City alone. Therefore, because Plaintiff has not alleged any facts demonstrating that Defendants Nate Cook and Jeremy Sellers were supervisory officials, the Court grants their motion to dismiss the failure-to-train claim asserted against them.

## G. *Negligent and Intentional Infliction of Emotional Distress*

Defendants argue that they are entitled to qualified immunity against Plaintiff's state-law claims of negligent and intentional infliction of emotional distress. "Qualified immunity is only a defense to *federal*, not state claims." *Boisseau v. Town of Walls, Miss.*, 138 F. Supp. 3d 792, 805 (N.D. Miss. 2015); *see also Riggins v. City of Indianola, Miss.*, 2015 WL 5568392, at *4 (N.D. Miss. Sept. 22, 2015) (citing *Mawhirt v. Ahmed*, 8 F. App'x 125, 127 (2d Cir. 2001)). Therefore, the Court denies Defendants' motion as to Plaintiffs' state-law claims for negligent and intentional infliction of emotional distress.

## H. *Conspiracy*

Defendants argue that Plaintiff did not plead sufficient facts to state a claim of conspiracy under either 42 U.S.C. § 1983 or 1985.[2]

---

[2] Plaintiff's Complaint was not clear as to whether her conspiracy claim was asserted under 42 U.S.C. § 1985, 42 U.S.C. § 1983, or state law. Defendants assumed it was a federal conspiracy claim, and Plaintiff did not address the issue in briefing. Therefore, the Court will likewise assume Plaintiff intended to plead a federal conspiracy claim.

First, to state a Section 1985 claim, Plaintiff must allege specific facts demonstrating that Defendants "(1) conspired; (2) for the purpose of depriving, either directly or indirectly, [Plaintiff] of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) took or caused action in furtherance of the conspiracy; which (4) injured [Plaintiff] or deprived [her] of [her] rights and privileges as a United States citizen." *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019). "[T]he conspiracy must also have a racially based animus." *Lockett v. New Orleans*, 607 F.3d 992, 1002 (5th Cir. 2010).

Plaintiff has not alleged that Defendants acted out of any race- or class-based animus. Therefore, she did not plead sufficient facts to state a conspiracy claim under 42 U.S.C. § 1985(3).

Next, to state a conspiracy claim under § 1983, Plaintiff "must not only allege facts that establish (1) the existence of a conspiracy involving state action, but also (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Shaw*, 918 F.3d at 419. To be clear, Plaintiff must allege "facts from which a trier of fact could reasonably conclude that [each Defendant] agreed with others to commit an illegal act and that a deprivation of constitutional rights occurred. A conclusory allegation of conspiracy is insufficient." *Rodriguez v. Neely*, 169 F.3d 220, 222 (5th Cir. 1999).

Plaintiff did not allege any specific facts from which a trier of fact could conclude that Defendants conspired to deprive her of constitutional rights. She only

14

made a conclusory allegation of conspiracy. That is not enough to state a conspiracy claim under Section 1983. Therefore, the Court grants Defendants' motion as to any conspiracy claim under Section 1983.

## I. *Bystander Liability*

Finally, Defendants argue that Plaintiff did not plead sufficient facts to state a claim of bystander liability against Defendant Jeremy Sellers.[3] "There is bystander liability [under Section 1983] for an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force." *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018). To state a bystander liability claim against Sellers, Plaintiff must allege facts demonstrating that Sellers "(1) [knew] that a fellow officer [was] violating an individual's constitutional rights; (2) [had] a reasonable opportunity to prevent the harm; and (3) [chose] not to act." *Hamilton v. Kindred*, 845 F.3d 659, 663 (5th Cir. 2017).

Plaintiff alleged that Defendant Sellers was present when Nate Cook beat her, that she "yelled for help," and that he "refused to come to her aid." Complaint [1], at 4. These allegations are enough to state a plausible claim that Sellers knew Cook was using excessive force against Plaintiff, that he had a reasonable opportunity to prevent the harm, and that he chose not to act. Therefore, Plaintiff pleaded enough facts to state a bystander-liability claim against Sellers.

---

[3] The Court is uncertain that Plaintiff even asserted a bystander liability claim against Defendant Sellers. If she intended to proceed against him under such a theory, she made no mention of it in the Complaint. Regardless, the Court will address Defendants' argument.

## J.  *Leave to Amend*

Plaintiff seeks leave to amend and correct any deficiencies in her Complaint. "Even if a plaintiff's pleadings are deficient under Rule 12(b)(6), a district court should freely give leave to amend when justice so requires." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (quoting FED. R. CIV. P. 15(a)(2)). "Rule 15(a) evinces a bias in favor of granting leave to amend." *Id.* "[P]ermissible reasons for denying a motion for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc." *Id.*

Plaintiff did not provide the Court with a proposed Amended Complaint. Therefore, the Court cannot assess whether amendment would be futile. Accordingly, the Court denies Plaintiff's request for leave to amend, but Plaintiff may file a separate motion for leave to amend accompanied by a proposed Amended Complaint.

### III. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Defendants' Motion for Judgment on the Pleadings [9]. The Court grants the motion as to Plaintiff's excessive-force claim against Defendant Sellers, her false arrest claims against both Sellers and Nate Cook, her First Amendment retaliation claims against both Sellers and Nate Cook, her failure-to-train claims against both Sellers and Nate Cook, and her Section 1983 and 1985 conspiracy claims against both Sellers and Nate

Cook. The Court denies the motion in all other respects. The Court likewise denies Plaintiff's request to amend the Complaint and correct the pleading deficiencies, but Plaintiff may file a separate motion for leave to amend accompanied by a proposed Amended Complaint.

SO ORDERED AND ADJUDGED this 23rd day of July, 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE